# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## MISC. NO. 1:05MC237

| | |
|---|---|
| JAMES E. McALPINE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | <u>O R D E R</u> |
| ) | |
| THE UNITED STATES and ) | |
| CENTRAL CAROLINA BANK ) | |
| (SUNTRUST), ) | |
| ) | |
| Respondents. ) | |

**THIS MATTER** is before the Court on the Petitioner's *pro se* petition to quash the third-party summons issued by the Internal Revenue Service (IRS).

Attached to the petition is a copy of the summons issued to Central Carolina Bank requiring compliance on January 3, 2006. A taxpayer seeking to quash a third-party summons must "mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice" within 20 days after the summons is mailed. **26 U.S.C. § 7609(b)(2)(B).** Thus, the Petitioner must

file proof of service on the party to whom the third-party summons was mailed and the office designated by the Secretary in the notice. Failure to do so deprives the district court of jurisdiction to entertain the proceeding. ***Villella v. United States***, 2000 WL 968773, at *2 (S.D.N.Y. 2000) (citing, ***Dorsey v. United States***, 618 F. Supp. 471, 474 (D. Md. 1985)). "This failure to comply strictly with Section 7609(b)(2)(B) results in a finding . . . that the [United States has] not waived [its] sovereign immunity and that the petition to quash those summonses must be dismissed." ***Maikranz v. United States***, 612 F. Supp. 590, 591 (S.D. Ind. 1985).

The Petitioner has not filed proof of such mailing to the parties to whom the summonses issued or to the office designated by the Secretary. Thus, this Court has no jurisdiction and the proceeding must be dismissed. ***Vaughan v. United States***, 2002 WL 1058118 (E.D.N.C. 2002) **(petitioner served the party to whom the summons issued and the IRS but failed to serve the office designated in the notice; thus, the court had no jurisdiction);** ***Zimmerman v. United States***, 2000 WL 1280908 **(E.D. Cal. 2000) (petitioner failed to file proof of service; therefore, the court had no jurisdiction);** ***Franklin v. United States***, 581 F. Supp. 38 **(E.D. Mich. 1984) (jurisdictional defect cannot be cured)**.

**IT IS, THEREFORE, ORDERED** that the petition to quash is hereby **DISMISSED**.

**Signed: January 6, 2006**

Lacy H. Thornburg
United States District Judge